SHIVERS, Judge.
Marshall appeals his conviction and sentence for escape. He argues that the trial court abused its discretion in denying his motion for continuance to allow further psychiatric examination to determine his competence to stand trial. We agree, reverse and remand.
*639 Marshall was charged with escaping from the Okaloosa County jail. Appellant filed a motion for psychiatric examination to determine his competency to stand trial and sanity at the time of the alleged offense. On December 28, 1982, the trial court appointed two medical experts, Drs. Ramos and Phillips, to examine appellant. On January 10, 1983, defense counsel moved for a continuance. The motion was based on two grounds. First, although appellant was examined by the two psychiatrists on December 29, 1982, counsel had not yet received the doctors’ written reports. In a telephone conversation with the public defender’s office, the doctors stated that they could not make a determination of appellant’s sanity and competency to stand trial without further observation. Second, counsel requested adequate time to interview defense witnesses since the public defender had ascertained appellant’s version of the facts for the first time on January 9, 1983. Appellant had been uncooperative with the public defender prior to that time. The State objected to the continuance on the ground that it was appellant’s own actions and lack of cooperation which placed him in his position. The motion for continuance was denied on January 10, 1983.
That same day, a letter from the psychiatrists was received, and a competency hearing was held on January 11, 1983. In the letter, the doctors stated that appellant was reluctant to talk and that, although there was some hint of mental illness, the doctors could not reach a decision without more factual information from the court. The doctors stated, “It would be desirable if we could see the prisoner once more, once we have had that material at hand.” The letter was admitted in evidence along with a presentence investigation report filed in January 1980. The PSI report indicated that appellant had been examined by Dr. LaHue on March 8, 1979, and was found to be feigning mental illness at that time. Appellant testified at the competency hearing and said that he understood the nature of the charge of escape and partially understood the nature of the court proceedings. Appellant’s motion for continuance was renewed. The trial court found appellant competent to stand trial and denied the motion for continuance. Appellant proceeded to jury trial on January 11, 1983, and was found guilty.
Florida Rule of Criminal Procedure 3.211 requires that when experts have been appointed to examine a defendant under Rule 3.210, the experts shall consider whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as factual, understanding of the proceedings against him. Rule 3.211 requires that each of these issues be specifically addressed in the report of the examining experts. In the instant case, the experts appointed by the court reported that their examination of the appellant was inconclusive and that they needed more information about appellant and further observation of him in order to make a decision which would be helpful to the court. No written report complying with Rule 3.211 was submitted by the psychiatrists.
This case is controlled by Lane v. State, 388 So.2d 1022 (Fla.1980). In Lane there was also a motion for continuance by the defendant based on the ground that the defendant was insane at that time. At the hearing on the motion, a psychiatrist and psychologist testified that neither could determine whether the defendant was competent to stand trial and suggested that the appellant needed further examination for ten days to two weeks in order to determine competence. The State presented testimony of a psychiatrist who had examined the defendant almost a year earlier and found him competent at that time. The State expert refused to express a definite opinion on competence as of the date of the hearing. The trial court denied the motion for continuance, but the Florida Supreme Court reversed. The court stated:
In the instant case none of the three medical experts who testified at the continuance hearing were able to say that the appellant was competent to stand trial. The State urges that the appellant *640 had previously been found competent, and that even if he was incompetent it was by his own actions. The finding of competence to stand trial made nine months prior to the hearing does not control in view of the evidence of possible incompetency presented by the experts at the hearing on the motion for continuance.
388 So.2d at 1025. In the instant case, the trial court abused its discretion in denying appellant's motion for continuance in the face of evidence that the court-appointed experts required more information and further observation of appellant to determine competency.
Accordingly, the judgment is reversed and the sentence is vacated. Appellant may be retried upon being found competent to stand trial pursuant to the Florida Rules of Criminal Procedure. This cause is remanded for further proceedings not inconsistent with this opinion.
MILLS and ZEHMER, JJ., concur.